UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 21-192 |
| LAND, ET AL | SECTION "L" (2) |
| | TRACT NO. 312E-1 |

**ORDER AND REASONS**

Before the Court is the Government's motion for determination of title and request for hearing to determine just compensation. R. Doc. 42. The Court earlier granted the motion insofar as the Court ordered that the issues of ownership and just compensation for the taking of Tract No. 312E-1 will be resolved by a hearing on November 16, 2022, on the papers, because no defendant had appeared or answered. R. Doc. 42. On October 18, 2022, the Government filed an affidavit into the record of this case certifying that notice of the Court's order regarding the hearing was published in several newspapers of general circulation in Louisiana. R. Doc. 50. Having considered the record, the briefing, and the applicable law, the Court now rules as follows.

I.   **BACKGROUND**

On January 29, 2021, the Government initiated this land condemnation action in which the Government has condemned, for the public use of flood protection, a flood protection levee easement over real property consisting of 0.741 acres of land, more or less, situated in Plaquemines Parish, Louisiana, and designated as Tract No. 312E-1, as more fully described in the record at R. Doc. 2 at 3. On February 8, 2021, the Government deposited $20,000.00 into the Court's registry, and title vested in the Government upon the deposit of the funds. No funds have been withdrawn.

The Government has identified the persons who may have ownership interest in Tract No.

312E-1. Prior to filing the instant complaint, the Government obtained title evidence indicating that the Tract was owned by Myrtle Rodgers Avist, Harold M. Avist, Penny Coleman, Jr., Demaries Coleman Penn *aka* Demaris Penn, Ramona L. Coleman, Deshonda Coleman, Geraldine Coleman Williams *aka* Geraldine Williams, Karen Walker, Sheila Walker, Deborah Walker Banks, Dianne Walker Davis, Keith Walker, Andrew Walker, Jr., Gary Walker, Damon Walker, Edwina A. Coleman Kees *aka* Edwena Coleman Kees, Peter Coleman, Jr., Carolyn Coleman Gillam, Jacqueline Coleman Hughes, Hattie Matthews *aka* Hattie W. Matthews *aka* Hattie Williams Mathews, George Williams *aka* George Williams, III, Alfred Williams, Olga Jones Beasley, Lula Mae Lewis Davis, Florida Jones Merrick, Betty Pinkins Jones, Lavern Jones Moses, Sylvia Andry Davis, Ramsey Joseph Andry, Jr., Roslyn Andry Miller, Earl Fox, Jr., Essie L. F. Brown, Kerbey Jones *aka* Kirby Jones, Darrick Bickham, Gary Hughes, Sr., Linda H. Williams, Carrol Rodgers, Jr., Irvin Rodgers, Hercules Rodgers, Gulf Loan Company, Inc., Fanny Hymes *aka* Fannie Rodgers Hymes *aka* Fannie Rodgers Hynes, Lillian J. Wilson, Lorraine J. Henderson, Relief Jones, Jr., Raymond Riley, Scheaun R. Lewis *aka* Scheuan R. Lewis, Bobbi Smith, and Timothy Leon Smith aka Tim Smith. R. Doc. 42-2. Fanny and Victor Mitchell purchased the property which contains the subject Tract as community property in 1925. *Id.* It appears that Victor Mitchell died intestate on September 12, 1940, and Fanny Mitchell died intestate on April 4, 1944. *Id.* Victor and Fanny Mitchell had four daughters, Lodgy Mitchell Cook, Etherling Mitchell Franklin, Hattie Mitchell Coleman and Fannie Mitchell, all of whom are deceased. *Id.* According to the title evidence, the subject Tract is now owned by the 48 heirs, successors, and assigns of Lodgy Mitchell Cook, Etherling Mitchell Franklin, Hattie Mitchell Coleman, and Fannie Mitchell. *Id.* All known living heirs, assigns and interested parties were named in Schedule G of this proceeding. R. Doc. 2 at 9–14; R. Doc. 10. During negotiations, Plaintiff learned that Carrol Rodgers, Jr. died in 2014. R. Doc. 42-3.

After recording the Notice of Lis Pendens with the Plaquemines Parish Clerk of Court, Plaintiff obtained updated title through the date of the Notice to ensure that all parties potentially holding an interest had been named. R. Doc 42-4. The updated title evidence identified only one new transaction in the chain of title, a Judgment of Possession in the Succession of Myrtle Rogers Avist recorded on February 9, 2017, as COB 1374, Page 207, in the conveyance records of Plaquemines Parish, Louisiana. R. Doc. 42-5. Myrtle Rogers Avist died testate leaving her entire estate to her husband Harold M. Avist, Sr. *Id.* Harold M. Avist, Sr. already had an interest in the subject property and was listed as an owner on Schedule G of the Complaint in Condemnation. R. Doc. 10-2 at 1. Thus, it was not necessary to add new parties to the proceeding. None of the defendants have appeared or answered.

The Government submitted an Attorney's Opinion of Title that supports the Government's determination of the likely ownership of this Tract. R. Doc. 42-6. Prior to the filing of this action, the Government obtained a trial appraisal of Tract 312E-1 that estimated $13,350.00 as just compensation for the real estate interest acquired in the 0.741 acres of land. R. Doc 42-7.

II. **LAW AND ANALYSIS**

A. **Ownership of Tract 312E-1**

Federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation. Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the Court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." As the Supreme Court has observed:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented.   It is for him to decide "all issues" other than the precise issue of the amount of compensation to be awarded.

*United States v. Reynolds*, 397 U.S. 14, 19-20 (1970). Thus, the Court has jurisdiction to determine

3

whether a defendant-claimant has a compensable interest and is thus entitled to present evidence as to just compensation at a trial on that issue. Rule 71.1(h) reserves this determination, properly disposed of as a preliminary matter, to the Court.

The Government has identified the persons who may have an ownership interest in Tract 312E-1, all informed by the title company's review of the chain of title. R. Doc. 42-2. The Court accepts the Government's uncontested and factually-supported submission. The Court finds that the Tract's owners and their relative ownership interests are as follows:

| OWNER | PERCENT SHARE |
| --- | --- |
| HAROLD M. AVIST | .2292 |
| MYRTLE ROGERS AVIST | .2380 |
| LILLIAN J. WILSON | .0047 |
| LORRAINE J. HENDERSON | .0047 |
| RELIEF JONES, JR. | .0046 |
| SYLVIA DAVIS | .0227 |
| DERRICK BICKMAN | .0091 |
| EARL FOX, JR. | .0090 |
| ESSIE L. F. BROWN | .0091 |
| GARY L. HUGHES | .0090 |
| LINDA H. WILLIAMS | .0090 |
| BETTY PINKINS JONES | .0075 |
| GULF LOAN COMPANY, INC. | .0083 |
| HERCULES RODGERS | .0007 |
| IRVIN RODGERS | .0091 |
| CARL RODGERS, JR. | .0091 |

| | |
|---|---|
| FANNIE RODGERS HYMES | .0090 |
| KERBEY JONES | .0075 |
| LULA MAE JONES DAVIS | .0076 |
| FLORIDA JONES MERRICK | .0076 |
| LAVERN JONES MOSES | .0075 |
| OLGA JONES BEASLEY | .0075 |
| RAYMOND RILEY | .0046 |
| SCHEUAN RILEY LEWIS | .0046 |
| BOBBIE SMITH | .0023 |
| TIM SMITH | .0023 |
| EDWENA COLEMAN KEES | .0762 |
| ALFRED WILLIAMS | .0254 |
| HATTIE WILLIAMS MATTHEWS | .1014 |
| GEORGE WILLIAMS | .0254 |
| CAROLYN COLEMAN GILLAM | .0095 |
| PETER COLEMAN, JR. | .0095 |
| JACQUELINE C. HUGHES | .0095 |
| PENNY COLEMAN, JR. | .0135 |
| GERALDINE COLEMAN WILLIAMS | .0135 |
| DEMARIES PENN | .0135 |
| RAMSEY JOSEPH ANDRY, JR. | .0113 |
| ROSELYN ANDRY MILLER | .0112 |
| RAMONA L. COLEMAN | .0111 |
| DESHANDA COLEMAN | .0111 |

| KAREN WALKER | .0017 |
|---|---|
| SHELIA WALKER | .0017 |
| DEBORAH BANKS | .0017 |
| DIANNE DAVIS | .0017 |
| KEITH WALKER | .0017 |
| ANDREW WALKER, JR. | .0017 |
| GARY WALKER | .0017 |
| DAMON WALKER | .0017 |

### B. Just Compensation

In this case, there is no jury demand, and the Court may, therefore, make a determination of just compensation. Fed. R. Civ. P. 71.1(h). Pursuant to Rule 71.1(e)(3), "a defendant -- whether or not it has previously appeared or answered -- may present evidence on the amount of compensation to be paid and may share in the award." Although the Government published notices in the newspaper, nobody has appeared to contest the Government's submission as to just compensation.

Just compensation is the fair market value of the property on the date of its appropriation. *Kirby Forest Indus. v. United States*, 467 U.S. 1, 9-10 (1984). The Government has presented an appraisal of the property that states that just compensation in the amount of $13,350.00 is proper and appropriate. R. Doc. 42-7. Again, no party has challenged this just compensation valuation or submitted an alternative estimate of just compensation. Although the trial appraisal estimated the Tract's value to be $13,350.00 the Government deposited $20,000 in just compensation based upon a Department of the Army Offer to Sell agreement, which was accepted during negotiations with the landowners. On the one hand, the record includes evidence that could support a finding that

$13,350 is the fair market value of Tract 312E-1; however, the Government offered certain owners $20,000 for the Tract and the Government has represented that it is just to compensate the owners of the property this sum, which it deposited into the Court's registry. Accordingly, this Court finds that $20,000 constitutes just compensation for the taking of Tract 312E-1.

Moreover, the Court finds that just compensation should be distributed as follows:

| OWNER | AMOUNT |
|---|---|
| HAROLD M. AVIST | $4,584.00 |
| MYRTLE ROGERS AVIST | $4,760.00 |
| LILLIAN J. WILSON | $94.00 |
| LORRAINE J. HENDERSON | $94.00 |
| RELIEF JONES, JR. | $92.00 |
| SYLVIA DAVIS | $454.00 |
| DERRICK BICKMAN | $182.00 |
| EARL FOX, JR. | $180.00 |
| ESSIE L. F. BROWN | $182.00 |
| GARY L. HUGHES | $180.00 |
| LINDA H. WILLIAMS | $180.00 |
| BETTY PINKINS JONES | $150.00 |
| GULF LOAN COMPANY, INC. | $166.00 |
| HERCULES RODGERS | $14.00 |
| IRVIN RODGERS | $182.00 |
| CARL RODGERS, JR. | $182.00 |
| FANNIE RODGERS HYMES | $180.00 |
| KERBEY JONES | $150.00 |

| | |
|---|---|
| LULA MAE JONES DAVIS | $152.00 |
| FLORIDA JONES MERRICK | $152.00 |
| LAVERN JONES MOSES | $150.00 |
| OLGA JONES BEASLEY | $150.00 |
| RAYMOND RILEY | $92.00 |
| SCHEUAN RILEY LEWIS | $92.00 |
| BOBBIE SMITH | $46.00 |
| TIM SMITH | $46.00 |
| EDWENA COLEMAN KEES | $1,524.00 |
| ALFRED WILLIAMS | $508.00 |
| HATTIE WILLIAMS MATTHEWS | $2,028.00 |
| GEORGE WILLIAMS | $508.00 |
| CAROLYN COLEMAN GILLAM | $190.00 |
| PETER COLEMAN, JR. | $190.00 |
| JACQUELINE C. HUGHES | $190.00 |
| PENNY COLEMAN, JR. | $270.00 |
| GERALDINE COLEMAN WILLIAMS | $270.00 |
| DEMARIES PENN | $270.00 |
| RAMSEY JOSEPH ANDRY, JR. | $226.00 |
| ROSELYN ANDRY MILLER | $224.00 |
| RAMONA L. COLEMAN | $222.00 |
| DESHANDA COLEMAN | $222.00 |
| KAREN WALKER | $34.00 |
| SHELIA WALKER | $34.00 |

| | |
|---|---|
| DEBORAH BANKS | $34.00 |
| DIANNE DAVIS | $34.00 |
| KEITH WALKER | $34.00 |
| ANDREW WALKER, JR. | $34.00 |
| GARY WALKER | $34.00 |
| DAMON WALKER | $34.00 |

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the Government's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 312-E, payable by the Government to the defendants/claimants, is the total sum of $20,000.

**IT IS FURTHER ORDERED** that the Government will submit a proposed judgment consistent with this Order and Reasons within 14 days of the date of this Order and Reasons.

New Orleans, Louisiana, on this 16th day of November, 2022.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**

9